UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

BERTI PRODUCE,

        Plaintiff,

   v.

CALIFORNIA HARVEST HEALTHY FOODS RANCH MARKET, et al.,

        Defendants.
_____/

No. C-11-04814 DMR

**ORDER DENYING PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT**

Plaintiff Berti Produce moves the court pursuant to Federal Rule of Civil Procedure 55(b)(2) for entry of a default judgment against Defendants California Harvest Healthy Foods Ranch Market ("California Harvest") and Gilles Desaulniers. Plaintiff seeks payment of due and unpaid invoices related to Defendants' purchase of perishable agricultural commodities, as well as prejudgment interest on that amount. For the reasons given below, the court denies Plaintiff's motion for default judgment without prejudice.[1]

**I. Background & Procedural History**

Plaintiff Berti Produce is in the business of selling wholesale quantities of perishable agricultural commodities ("produce") in interstate commerce. (Compl. ¶ 2.) Defendant California Harvest, a California corporation, is a retailer in the business of buying and selling wholesale or

---

[1] Plaintiff filed its consent to proceed before a Magistrate Judge on September 30, 2011. [Docket No. 5.] The court does not require the consent of Defendants in order to deny this motion for default judgment because the court finds herein that Defendants have not been served and therefore are not parties within the meaning of 28 U.S.C. § 636(c). *See Ornelas v. De Frantz*, No. C 00-1067 JCS (PR), 2000 WL 973684, at *2 n.2 (N.D. Cal. June 29, 2000) (citing *Neals v. Norwood*, 59 F.3d 530, 532 (5th Cir. 1995) (magistrate judge had jurisdiction to dismiss prisoner's civil rights action without consent of defendants because defendants had not been served and thus were not parties).

jobbing quantities of produce. (Compl. ¶ 3.) Defendant Gilles Desaulniers is the President of California Harvest and in that capacity, controls or is in a position to control the assets of California Harvest. (Compl. ¶ 3.) Between February 22, 2007 and May 13, 2010, Defendant California Harvest purchased $25,125.18 in produce from Plaintiff. (Compl. ¶ 9; Compl. Ex. A.) California Harvest failed to pay for the produce sold to it by Plaintiff. (Compl. ¶ 15.)

Plaintiff filed the current action in this court on September 28, 2011 for violations of the Perishable Agricultural Commodities Act ("PACA") under 7 U.S.C. § 499a, *et seq.,* to recover due and unpaid invoices, interest, attorneys' fees and costs, and punitive damages. (*See generally* Compl.) Plaintiff attempted personal service of the summons and complaint on Defendants on October 3, 2011, and mailed a copy of the documents to Defendants on the same day. [*See* Docket Nos. 6 & 7.] After Defendants failed to respond to Plaintiff's complaint, Plaintiff requested the entry of default against Defendants [Docket No. 8], which the court entered on November 11, 2011. Plaintiff now moves the court for default judgment. [Docket No. 9.] The court ordered Plaintiff to provide supplemental briefing in support of its motion to: (a) specify those causes of action for which it so moves, (b) explain why it is entitled to the entry of default judgment pursuant to the factors enumerated in *Eitel v. McCool*, 782 F.2d 1470, 1471-72 (9th Cir. 1986), and (c) establish that substitute service of the Complaint on the Defendants was proper. [*See* Docket No. 14.] Plaintiff filed its supplemental briefing on December 20, 2011. [Docket No. 16.] Plaintiff's motion, supplemental briefing and the order scheduling a hearing on the motion were served on the Defendants. [Docket Nos. 12, 17 & 22.] On January 26, 2012, the court held a hearing on Plaintiff's motion. Attorney Lawrence H. Meuers appeared by telephone on behalf of Plaintiff. Defendants did not appear.

## II. Default Judgment

### A.     Legal Standard

Federal Rule of Civil Procedure 55(b)(2) permits a court to enter a final judgment in a case following a defendant's default. *Shanghai Automation Instrument Co. v. Kuei*, 194 F. Supp. 2d 995, 999 (N.D. Cal. 2001). Whether to enter a judgment lies within the court's discretion. *Pepsico, Inc. v. Cal. Sec. Cans*, 238 F. Supp. 2d 1172, 1175 (C.D. Cal. 2002) (citing *Draper v. Coombs*, 792 F.2d

915, 924-25 (9th Cir. 1986)) ("A defendant's default does not automatically entitle the plaintiff to a court-ordered judgment."); *Shanghai Automation Instrument Co.*, 194 F. Supp. 2d at 999.

Before assessing the merits of a default judgment, a court must confirm that it has subject matter jurisdiction over the case and personal jurisdiction over the parties. *See In re Tuli*, 172 F.3d 707, 712 (9th Cir. 1999). A court must also ensure the adequacy of service on the defendant. *See Timbuktu Educ. v. Alkaraween Islamic Bookstore*, No. C 06-03025 JSW, 2007 WL 1544790, at *2 (N.D. Cal. May 25, 2007). If the court finds these elements satisfied, it turns to the following factors ("the *Eitel* factors") to determine whether it should grant a default judgment:

> (1) the possibility of prejudice to the plaintiff, (2) the merits of plaintiff's substantive claim, (3) the sufficiency of the complaint, (4) the sum of money at stake in the action[,] (5) the possibility of a dispute concerning material facts[,] (6) whether the default was due to excusable neglect, and (7) the strong policy underlying the Federal Rules of Civil Procedure favoring decision on the merits.

*Eitel v. McCool*, 782 F.2d 1470, 1471-72 (9th Cir. 1986) (citation omitted). In this analysis, "the well-pleaded allegations of the complaint relating to a defendant's liability are taken as true." *Pepsico, Inc.*, 238 F. Supp. 2d at 1175 (citing *Televideo Sys., Inc. v. Heidenthal*, 826 F.2d 915, 917-18 (9th Cir. 1987)). Nevertheless, default does not compensate for essential facts not within the pleadings and those legally insufficient to prove a claim. *Cripps v. Life Ins. Co. of N. Am.*, 980 F.2d 1261, 1267 (9th Cir. 1992).

**B.   Analysis**

The court finds that it has subject matter jurisdiction over this case pursuant to 7 U.S.C. § 499e(c)(5) (granting PACA trust beneficiaries power to bring actions to enforce payment from the PACA trust). The court has supplemental jurisdiction over Plaintiff's breach of contract claim pursuant to 28 U.S.C. § 1367(a).[2] Further, personal jurisdiction over Defendants is proper because both are located within this District. (*See* Compl. ¶ 3.)

---

[2] Although Plaintiff's Complaint alleges seven different causes of action against Defendants, Plaintiff clarified in supplemental briefing that it is seeking default judgment as to its PACA and breach of contract claims only. (*See* Pl.'s Br. in Supp. of Mot. for Default J. Against Defs. 1-2.)

3

Regarding the adequacy of service of process, Rule 4(e)(1) allows for service "following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made." Fed. R. Civ. P. 4(e)(1); *see also* Fed. R. Civ. P. 4(h)(1)(A) (authorizing service of process on corporations "in the manner prescribed by Rule 4(e)(1) for serving an individual"). Under California law, "[a] summons may be served by personal delivery of a copy of the summons and of the complaint to the person to be served." Cal. Civ. Proc. Code § 415.10. A summons can be served on a corporation by delivering a copy of the summons and of the complaint to the person designated as agent for service of process. Cal. Civ. Proc. Code § 416.10(a). A summons can also be served on a corporation by delivering a copy of the summons and complaint to the president, chief executive officer, or other head of the corporation. Cal. Civ. Proc. Code § 416.10(b).

Rather than personally serving Defendants in accordance with the aforementioned provisions, Plaintiff resorted to substitute service pursuant to California Code of Civil Procedure section 415.20. (*See* Pl.'s Br. in Supp. of Mot. for Default J. Against Defs. 2 [Docket No. 16] (hereinafter "Pl.'s Br.").) The rules on substitute service differ depending on whether the defendant being served is an entity or an individual.[3] Here, because Plaintiff has sued both an entity and an individual defendant, both rules apply.

### 1. Substitute Service on Corporate Defendant California Harvest

Under California Code of Civil Procedure section 415.20(a), substitute service may be made on an entity defendant in California by leaving a copy of the summons and complaint during usual office hours in the office of the president of the corporation or in the office of the person designated as agent for service of process. Furthermore, a plaintiff must leave the documents "with the person who is apparently in charge thereof" and thereafter must mail the documents to the entity defendant's proper representative at the address where he was served. Cal. Civ. Proc. Code § 415.20(a). "Statutes governing substitute service shall be 'liberally construed to effectuate service

---

[3] California Code of Civil Procedure section 415.20(a) governs substitute service on corporate and non-corporate entity defendants. California Code of Civil Procedure section 415.20(b) governs substitute service on individual defendants.

and uphold jurisdiction if actual notice has been received by the defendant.'" *Ellard v. Conway*, 94 Cal. App. 4th 540, 544 (2001) (quoting *Bein v. Brechtel-Jochim Group, Inc.*, 6 Cal. App. 4th 1387, 1392 (1992)).

"An elementary and fundamental requirement of due process in any proceeding which is to be accorded finality is notice reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections." *Mullane v. Central Hanover Bank and Trust Co.*, 339 U.S. 306, 314 (1950). "For substituted service to be reasonably calculated to give an interested party notice of the pendency of the action and an opportunity to be heard, '[s]ervice must be made upon a person whose relationship to the person to be served makes it more likely than not that they will deliver process to the named party.'" *Bonita Packing Co. v. O'Sullivan*, 165 F.R.D. 610, 614 (C.D. Cal. 1995) (quoting *Bein*, 6 Cal. App. 4th at 1393 (discussing meaning of section 415.20's "person apparently in charge thereof" language)).

In this case, Plaintiff tried to serve both Defendant California Market and Defendant Desaulniers together, in a single attempt. It is unclear whether Plaintiff attempted to serve the corporate defendant through Gilles Desaulniers in his capacity as agent for service of process in accordance with California Code of Civil Procedure section 416.10(a), or in his capacity as President of the corporation in accordance with California Code of Civil Procedure section 416.10(b). If Plaintiff had intended to serve Desaulniers as agent for service of process, then service should have been attempted at the agent's address which appears to be located at 621 Minna Street in San Francisco, California. (*See* Aff. of Katy Koestner Esquivel in Supp. of Pl.'s Notice of Mot. and Mot. for Default J. Against Defs. Ex. B.) However, given that Plaintiff attempted service at the business location of the corporation, it appears that Plaintiff attempted to serve Desaulniers (and thus the corporate defendant) as President of California Market. (*See* Pl.'s Br. 2.)

Plaintiff did not properly serve the summons and complaint in accordance with California provisions for substitute service on an entity defendant. The Declaration of the process server, John Ramus, states that at 1:10 p.m. on October 3, 2011, he went to Defendant California Market's business location in San Francisco, California, asked for Defendant Gilles Desaulniers and the

manager, and informed the employees of the nature of the documents he was to deliver. (*See* Pl.'s Br. Ex. A.) Ramus' Declaration also states that he was "directed from employee to employee [and that] [t]here may have been a slight language barrier between [himself] and the employees." *Id.* Finally, Ramus left the summons and complaint with Blanca Arebalo because she "seemed to be the most senior employee" to whom he was directed. *Id.* Mr. Ramus' declaration does not provide Ms. Arebalo's job title. It also does not give Ms. Arebalo's age or indicate whether he encountered any language barrier with her.

Given the noted language barrier between the process server and California Market employees, and the general lack of information provided by the process server, it is unclear that Blanca Arebalo was the person "apparently in charge" of the premises as required by California Code of Civil Procedure section 415.20(a), and whether Ms. Arebalo's relationship to Mr. Desaulniers made it more likely than not that process would be delivered. Additionally, while statutes governing service of process are to be liberally construed *if* actual notice has been received, there is no evidence here that actual notice has been received by Defendant California Market.

Further, although Plaintiff thereafter mailed a copy of the summons and complaint to Gilles Desaulniers in his capacity as agent for Defendant California Market, substitute service on Defendant nonetheless was not effected since Plaintiff failed, beforehand, to leave the documents with the person "apparently in charge" of the business. Plaintiff thus did not fully comply with section 415.20(a).[4]

### 2. Substitute Service on Individual Defendant Gilles Desaulniers

Unlike substitute service on an entity defendant, substitute service may be made on an individual only after attempting to personally serve the defendant with "reasonable diligence." Cal. Civ. Proc. Code § 415.20(b). Ordinarily, "'two or three attempts at personal service at a proper place should fully satisfy the requirement of reasonable diligence and allow substituted service to be made.'" *Bonita Packing Co.*, 165 F.R.D. at 613 (quoting *Bein*, 6 Cal. App. 4th at 1390). Only after

---

[4] Additionally, service of the summons and complaint by mail pursuant to California Code of Civil Procedure section 415.30 was apparently not effected, as there is no evidence in the record that the notice and acknowledgment of receipt of summons required by that section was mailed to Defendants and/or received by Plaintiff.

personal service has been attempted with reasonable diligence may a copy of the summons and complaint be left at the defendant's usual place of business, with a "person apparently in charge" thereof, who is "at least 18 years of age, [and] who shall be informed of the contents" of the summons. Cal. Civ. Proc. Code § 415.20(b). Additionally, a plaintiff must thereafter mail a copy of the documents to the defendant at the address where service was effectuated. *Id.*

Here, the process server did not meet the prerequisite of reasonable diligence and thus, substitute service on Defendant Gilles Desaulniers was not proper. There is no indication in this proceeding that personal service was attempted the requisite "two or three" times. Rather, Plaintiff's Supplemental Brief and the process server's Declaration discuss only a single attempt at personal service on Defendant Desaulniers. (*See* Pl.'s Br. 2, Ex. A.)

Again, although Plaintiff thereafter mailed a copy of the summons and complaint to Defendant Desaulniers, Plaintiff did not fully comply with the requirements of section 415.20(b), nor did it comply with the requirements of section 415.30 regarding service by mail.

Because the court finds that the summons and complaint were not properly served on either Defendant, it need not engage in an analysis of the *Eitel* factors.

### III. Conclusion

For the foregoing reasons, the court denies Plaintiff's Motion for Default Judgment without prejudice.

IT IS SO ORDERED.

Dated: January 27, 2012

DONNA M. RYU
United States Magistrate Judge

7